UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:19-cv-00268-FDW

| | |
|---|---|
| JAMIER STEVEN HEARD, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| ERIK A. HOOKS, Secretary, ) | |
| N.C. Dept. of Public Safety, et. al., ) | |
| ) | |
| Respondents. ) | |

THIS MATTER is before the Court upon Respondents' Motion for Summary Judgment (Doc. No. 5) seeking denial of Petitioner Jamier Steven Heard's *pro se* Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254 (Doc. No. 1). Having carefully considered the parties' submissions and the record in this case, and for the reasons set out below, the Court GRANTS Respondents' motion for summary judgment and DENIES Petitioner's petition for Writ of Habeas Corpus.

## I.  BACKGROUND

Petitioner, Jamier Steven Heard, is a prisoner of the State of North Carolina. (Doc. No. 6, p. 1). On April 04, 2017, a jury trial was held in the Superior Court of Mecklenburg County, with the Honorable Eric L. Levinson presiding. Id. The jury convicted Petitioner of (1) trafficking cocaine by transportation, (2) trafficking cocaine by possession, and (3) possession of a firearm by a felon, and he was subsequently sentenced to 84-114 months in prison. Id.

1

Petitioner, represented by Mr. Sterling Rozear, then appealed to the North Carolina Court of Appeals ("NCCOA") and argued the trial court erred in denying his pretrial motion to disclose the identity of a confidential informant ("CI"), who allegedly could have served as a material witness, "because its decision was based on a mistaken understanding" of the charges. (Doc. Nos. 6; 6-4, pp. 14-15). On August 12, 2018, the NCCOA filed an unpublished opinion finding no error. State v. Heard, No. COA17-1242, 2018 N.C. App. LEXIS 828 at *7 (N.C. Ct. App. Aug. 21, 2018), disc. review denied, 371 N.C. 795, 821 S.E.2d 168 (2018). Subsequently, Petitioner filed a *pro se* petition for discretionary review ("PDR") with the North Carolina Supreme Court ("NCSC"), claiming that NCCOA decision was in conflict "with a decision of the Supreme Court." (Doc. No. 6-6, p. 4). The NCSC denied the PDR petition on December 11, 2018. (Doc. No. 6, p. 1).

On June 10, 2019, Petitioner filed the instant *pro se* petition under 28 U.S.C. § 2254 for writ of habeas corpus (the "Petition") in this Court. (Doc No. 1, p. 1). In the Petition, Petitioner alleges that the trial court erred by denying the pretrial motion to disclose the identity of a CI, in violation of both the North Carolina and U.S. Constitutions. (Id. at 5). The State of North Carolina filed a response to the Petition (Doc. No. 4), a motion for summary judgment (Doc. No. 5), and a memorandum in support (Doc. No. 6) on July 23, 2019. After the Court issued Petitioner a Roseboro Notice (Doc No. 7) on November 11, 2019, Petitioner filed a response to the State of North Carolina's motion for summary judgement on December 3, 2019. (Doc. No. 8).

## II.  STANDARD OF REVIEW

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and

that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2); see also United States v. Lee, 943 F.2d 366, 368 (4th Cir. 1991). Thus, to withstand a motion for summary judgment, the non-moving party must proffer competent evidence sufficient to reveal the existence of a genuine issue of material fact. Fed. R. Civ. P. 56(e)(2); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 246-47 (1986).

In determining whether a "genuine issue of material fact" exists, any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986); Erwin v. United States, 591 F.3d 313, 327 (4th Cir. 2008). However, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." Anderson, 477 U.S. at 247-48. Rather, "only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude summary judgment." Thompson v. Carlisle, 2010 WL 382044, at *1 (4th Cir. Feb. 3, 2010). Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate. Anderson, 477 U.S. at 248-49.

In addition to the motion for summary judgment standard set forth above, this Court must also consider the petition for writ of habeas corpus under the requirements set forth in the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254(d). The habeas statute at 28 U.S.C. § 2254 articulates that a district court "shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "[I]t is not the province of a federal habeas court to reexamine state-

3

court determinations on state-law questions." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Absent violation of a Federal constitutional right, a habeas petitioner fails to state a cognizable claim for relief. Wilson v. Corcoran, 562 U.S. 1, 14 (2011) ("Federal courts may not issue writs of habeas corpus to state prisoners whose confinement does not violate federal law.").

The AEDPA, 28 U.S.C. § 2254(d), limits the federal court's power to grant habeas relief:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim – (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The "contrary to" and "unreasonable application" clauses contained in § 2254(d)(1) are to be given independent meaning—in other words, a petitioner may be entitled to habeas corpus relief if the state court adjudication was either contrary to or an unreasonable application of clearly established federal law. This standard is intentionally "difficult to meet." White v. Woodall, 572 U.S. 415, 419 (2014) (internal quote and citation omitted). "'[C]learly established Federal law' for purposes of § 2254(d)(1) includes only 'the holdings, as opposed to the dicta, of th[e Supreme] Court's decisions.'" Id. (quoting Howes v. Fields, 565 U.S. 499, 505 (2012)) (internal quote and citation omitted) (first alteration in original).

A state court decision can be "contrary to" clearly established federal law in two ways: (1) "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law," or (2) "if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to [the Supreme Court]." Williams v. Taylor, 529 U.S. 362, 405 (2000) (plurality opinion). "And an 'unreasonable

4

application of' [clearly established Federal law] must be 'objectively unreasonable,' not merely wrong; even 'clear error' will not suffice." Woodall, 572 U.S. at 419 (quoting Lockyer v. Andrade, 538 U.S. 63, 75–76 (2003)). "Rather, '[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" Woodall, 572 U.S. at 419-20 (quoting Harrington v. Richter, 562 U.S. 86, 103 (2011)).

### III. ANALYSIS

*Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. Erickson v. Pardus, 551 U.S. 89, 94 (2007); King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). Nonetheless, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). With these principles in mind, the Court turns to Petitioner's grounds for relief.

#### A. Disclosure of CI's Identity in Violation of N.C. Constitution

It is well established that habeas corpus review is confined only to issues implicating the Federal Constitution. See Estelle v. McGuire, 502 U.S. 62, 67 (1991) (stating state law error cannot be analyzed under habeas corpus review); see also Lewis v. Jeffers, 497 U.S. 764, 780 (1990) (same); see also Pulley v. Harris, 465 U.S. 37, 41 (1984) (same). Thus, Petitioner's allegation that his North Carolina constitutional rights were violated by the trial court's refusal to

5

disclose the identity of the CI does not state a ground for relief cognizable in this Court. (Doc. No. 1, p. 5).

### B. Disclosure of CI's Identity in Violation of U.S. Constitution

Petitioner argues that the trial court's denial of his pretrial motion to disclose the identity of the CI violates his right to Due Process under the 14th Amendment of the United States Constitution. (Doc. No. 8, p. 6).

A habeas corpus petition should not be granted for claims adjudicated on the merits in a State court, unless: (1) the decision is an inconsistent or unreasonable application of federal law determined by the Supreme Court of the United States or (2) is rooted in an "unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2). Additionally, determinations of factual issues by a State court are presumed to be correct and Petitioner carries the burden of rebutting this presumption through "clear and convincing evidence." Id. § 2254(e)(1). The NCCOA filed an unpublished opinion analyzing the same argument Petitioner presents to this Court, and that opinion receives considerable deference under the aforementioned standards codified in § 2254(d). See State v. Heard, 2018 N.C. App. LEXIS 828 at *6 (holding "the trial court neither abused its discretion nor committed constitutional error by denying" Petitioner's "motion for disclosure of the identity of the [CI]").

Pursuant to § 2254(d)(1), the NCCOA opinion finding no error in the trial court's denial of Petitioner's pre-trial motion to disclose the identity of the CI must be upheld unless it is inconsistent with federal law, as determined by the Supreme Court. 28 U.S.C. § 2254(d)(1). Here, the NCCOA relied on Rovario v. U.S., 353 U.S. 53, 55 (1997) in its decision, which is current

6

Supreme Court caselaw and is regularly cited by courts in this Circuit to determine the same issue presented here. See State v. Heard, 2018 N.C. App. LEXIS 828 at *5 ("Whether reviewing disclosure of a CI as a regular discovery matter or as a constitutional violation, our courts have, for the most part, applied the same test, rooted in . . . Rovario v. United States."); see also McLawhorn v. State of N.C., 484 F.2d 1, 4 (4th Cir. 1973) (citing Rovario v. United States to determine the identity of a confidential informant who actively participated in Petitioner's crime should have been disclosed); see also State v. Orr, 220 S.E.2d 848, 850 (N.C. Ct. App. 1976) (same). Additionally, Petitioner makes no mention of the NCCOA inconsistently applying federal law to reach its decision, thus failing to satisfy the rigorous Woodall standard required for federal habeas relief. (Doc. No. 8). See Woodall, 572 U.S. at 419-20 ("'[A] state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" (quoting Harrington, 562 U.S. at 103)).

### C. CI Disclosure and Facts

With regard to allegedly disputed facts, Petitioner alleges that the State combined the weight of the powder and crack cocaine to meet the statutory minimum of 28 grams to convict him of trafficking cocaine. (Doc. No. 8, p. 5). Even if this were to be viewed as a factual dispute, "controlled substance 'combination' decisions" are valid and it is for a fact-finder to decide if Petitioner possessed the statutory minimum of cocaine needed to be found guilty. See State v. Huerta, 727 S.E.2d 881, 887 (N.C. Ct. App. 2012) ("[T]he jury should decide whether the defendant possessed the requisite amount of contraband and that speculation concerning the weight or concentration of the substance . . . did not render expert testimony that the combined mixture

7

had a specific total weight inadmissible."). Here, the jury found Petitioner guilty of trafficking cocaine, necessarily finding he met the statutory minimum under state law required for a conviction. State v. Heard, 2018 N.C. App. LEXIS 828 at * 1. Therefore, the supposedly disputed fact raised by Petitioner fails to state a cognizable federal habeas claim based on the unlikelihood it affected the "outcome of the suit under the governing law." Thompson v. Carlisle, 2010 WL 382044, at *1.

Further, should any constitutional error have occurred at the trial court level, this error must have had a "'substantial and injurious effect or influence in determining the jury's verdict.'" See Brecht v. Abrahamson, 507 U.S. 619, 623 (1993) (citing Kotteakos v. U.S., 328 U.S. 750, 775 (1946)); see also Fry v. Pliler, 551 U.S. 112, 121-22 (2007) (holding habeas corpus review necessitates application of the "substantial and injurious effect" standard, regardless of if the state appellate court found error or applied a different standard).

Here, the NCCOA opinion assessed Petitioner's argument at trial that he lacked knowledge that the drugs were in his car. State v. Heard, 2018 N.C. App. LEXIS 828 at *6. However, the NCCOA stated Petitioner purportedly agreed to all the facts as presented, provided no evidence to prove his theory, did not call forth two witnesses that could have established his credibility, and did not testify on his own behalf. Id. Instead, independent of the CI's testimony that Petitioner contends would have aided in his defense, the NCCOA reached the conclusion that Petitioner's guilt was established by five officers' testimony and expert testimony. Id. Thus, Petitioner's guilt was quite possibly established regardless of the CI's testimony and any potential error did not have a "substantial and injurious effect" on the jury's verdict. See e.g., State v. Mack, 718 S.E.2d 637, 640 (N.C. Ct. App. 2011) (upholding trial court's denial of the identity of a confidential informant

8

because Petitioner failed to present evidence, testify on his own behalf, and guilt was independently established by defense witnesses).

## IV. CONCLUSION

For the reasons discussed, there is no genuine issue of material fact and Respondents are entitled to summary judgment as a matter of law. With respect to the habeas review requirements set out in § 2254, (1) Petitioner has failed to point to, and the Court finds no, clearly established Federal law, as determined by the Supreme Court, which contradicts the NCCOA's finding of no error on behalf of the trial court, and (2) the Court finds the trial court's decision was a reasonable determination of the facts in light of the evidence presented in the state court proceeding. Therefore, Petitioner fails to satisfy the requirements necessary to state a claim for federal habeas relief under § 2254.

IT IS THEREFORE ORDERED that:

1. Respondents' Motion for Summary Judgement (Doc No. 5) is GRANTED,

2. Petitioner's Petition for Writ of Habeas Corpus (Doc. No. 1) is DENIED, and

3. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the
9

correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

IT IS SO ORDERED.

Signed: May 27, 2020

Frank D. Whitney
Chief United States District Judge